**UNITED STATES DISTRICT COURT          EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| CURRY THOMAS, | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | NO. 1:18-cv-186-MAC |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | | |
| Defendant. | | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable law and orders of this court. The court has received and considered the Report of the United States Magistrate Judge pursuant to such order (Doc. 15), along with the record and pleadings.

On April 24, 2018, Thomas filed this *pro se* action pursuant to 42 U.S.C. § 405(g) appealing the Commissioner's decision to deny social security disability benefits. (Doc. 1.) The Commissioner filed a Motion to Dismiss on June 25, 2018, claiming that the court lacks subject matter jurisdiction because Thomas did not timely file his civil action.[1] (Doc. 11.) On July 23, 2018, Judge Hawthorn ordered Thomas to respond to the Commissioner's Motion to Dismiss by August 20, 2018. (Doc. 12.)

*Pro se* litigants assuredly find difficulty when dealing with arcane and highly specialized subjects that govern Social Security disability determinations. Therefore, Judge Hawthorn's order to respond listed a series of very clear and specific questions to ease Thomas's burden in

---
[1] Thomas received the Commissioner's Motion to Dismiss on June 26, 2018. (Doc. 13.)

1

responding to the Commissioner's motion to dismiss. The order was returned as "unclaimed" on August 22, 2018. (Doc. 16.) On August 28, Judge Hawthorn entered a Report and Recommendation dismissing Thomas's complaint for failure to prosecute and comply with the court's orders and Local Rules. (Doc. 15.) Thomas received the Report and Recommendation on September 1, 2018, and filed an "Appeal of the Magistrate Judge's Decision" on September 13, 2018, which the court construed as objections. (Doc. 17.) Thomas's objections did not address the grounds on which the Commissioner sought to have his case dismissed (missed deadline to file appeal), or answer the questions posed in the July 23rd order (that was returned as unclaimed). Therefore, Judge Hawthorn provided Thomas with a *second* opportunity to respond to the allegations in the Commissioner's motion to dismiss. On September 21, 2018, Judge Hawthorn issued a second order directing Thomas to respond to the Motion to Dismiss listing the same series of questions to address or explain the late filing.[2] (Doc. 18.) Thomas's response was due on or before October 20, 2018. Thomas did not file a timely response, but on January 17, 2019 filed a motion for extension of time to respond. (Doc. 20.) On February 8, 2019, the court granted his request and allowed him until February 19, 2019 to respond to the Commissioner's motion. (Doc. 21.) Thomas received that order on February 13, 2019, but has failed to comply with the court's order and provide a response to the Commissioner's Motion to Dismiss. (Doc. No. 22.)

Accordingly, the findings of fact and conclusions of law of the United States Magistrate Judge are correct, and the Report of the United States Magistrate Judge is **ADOPTED**. A Final

---

[2] The second order also included the following instruction:

> **Thomas should review this order carefully and file a response on or before October 20, 2018, that <u>specifically answers each of the questions posed</u> so that the court can make a determination on the Commissioner's motion to dismiss.** Thomas should understand that the relevant issue before the court at this point is not whether he is disabled, but whether his case was filed prior to the deadline for his appeal. If Thomas does not file a response on or before October 20, 2018, his case might be dismissed for want of prosecution. (Doc. 18.)

Judgment will be entered separately, affirming the decision of the Commissioner and dismissing this action without prejudice for want of prosecution.

**Signed this date**
**Feb 21, 2019**

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE